**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL NO. 19-CR-00027 (ESH)** |
| **TREVONTA BARNES,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

Defendant Trevonta Barnes moves to dismiss Count Two of the indictment, which charges a violation of 18 U.S.C. § 924(c), by arguing that the alleged predicate crime, federal carjacking in violation of 18 U.S.C. § 2119, does not qualify as a "crime of violence." (*See* Mot. to Dismiss [ECF 29] at 1.) For the following reasons, the Court will deny Barnes' motion.

18 U.S.C. § 924(c)(1)(A), which carries a mandatory minimum of at least five years, encompasses:

> [A]ny person who, *during and in relation to any crime of violence* or drug
>
> trafficking crime (including a crime of violence or drug trafficking crime that
>
> provides for an enhanced punishment if committed by the use of a deadly or
>
> dangerous weapon or device) for which the person may be prosecuted in a court of
>
> the United States, *uses or carries a firearm, or who, in furtherance of any such*
>
> *crime, possesses a firearm* . . . .

18 U.S.C. § 924(c)(1)(A) (emphases added). "Crime of violence" is defined in Section 924(c)(3) to include the following:

> [A]n offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force
>
> against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the

person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). In its recent case *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme

Court struck down Section 924(c)(3)(B), otherwise known as the "residual clause," as

unconstitutionally vague. *See id.* at 2336. As a result, a would-be predicate offense can only

constitute a "crime of violence" sufficient to satisfy Section 924(c)(3) if it fits within subsection

(A)—it must "ha[ve] as an element the use, attempted use, or threatened use of physical force

against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This clause is often referred

to as the "force clause," or the "elements clause."

To determine whether a prior conviction qualifies as a "crime of violence" under the

elements clause, courts use what is known as the "categorical approach." *Descamps v. United

States*, 570 U.S. 254, 260–61 (2013). The "categorical approach" means that courts look at the

"elements" of the generic offense rather than the particular facts underlying a conviction. *Id.* at

261; *see also Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) ("How a given defendant

actually perpetrated the crime—what [the Supreme Court has] referred to as the 'underlying brute

facts or means' of commission—makes no difference . . . ." (internal citation omitted)). Because

the Court "examine[s] what the [predicate crime] necessarily involved, not the facts underlying the

case, [it] must presume that the [crime] rested upon nothing more than the least of the acts

criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (original alterations and internal

quotation marks omitted).

The Court must therefore determine the least of the acts criminalized under the predicate

statute and ask if such an act "has as an element the use, attempted use, or threatened use of

physical force." 18 U.S.C. § 924(c)(3)(A). To answer that question, the Court will look to the

definition of the offense. 18 U.S.C. § 2119, which criminalizes carjacking, encompasses

"[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so."

Because carjacking can be accomplished "by intimidation," in addition to "by force and violence," Barnes argues that it does not *categorically* require force. However, every circuit to consider this question has concluded otherwise and uniformly held that a carjacking committed "by intimidation" nonetheless involves, at the very least, threatened force. *See, e.g., Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018); *United States v. Kundo*, 743 F. App'x 201, 203 (10th Cir. 2018); *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). The Court agrees with the persuasive reasoning set forth by these circuits. As Chief Judge Howell of this court aptly observed, intimidation is "conduct reasonably causing fear of bodily harm." *United States v. Hammond*, 354 F. Supp. 3d 28, 50 (D.D.C. 2018). And, "[a] defendant cannot put a reasonable person in fear of bodily harm without threatening to use 'force capable of causing physical pain or injury.'" *Gutierrez*, 876 F.3d at 1257 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)); *see also Jackson*, 918 F.3d at 486 ("[I]ntimidation . . . involves the threat to use physical force." (internal quotation marks omitted)).

Barnes argues that "*we all know* that many *other* types of intimidation (financial, emotional, etc.) also exist," and that "intimidation could also occur . . . through a threat of poisoning." (*See* Reply [ECF 56] at 5 (emphases in original).). A defendant must do more than simply apply "legal imagination to a . . . statute's language." *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). He must demonstrate "a *realistic probability*, not a theoretical possibility," that

3

the statute could be applied to conduct that does not include an element of force. *Id.* (emphasis added). But Barnes points the Court to no such cases and, to paraphrase the Fourth Circuit, "it will be the rare [carjacker] who commits that offense with poison." *United States v. McNeal*, 818 F.3d 141, 156 (4th Cir. 2016).

Barnes next argues that the D.C. Circuit has allowed jurors to make inferences based on evidence of the end results of a crime from the position of the victim, and as such, section 2119 cannot categorically qualify as a crime of violence because "no direct proof . . . appears to be necessary that force or violence was actually ever expressed or acted on." (Reply at 6; *see also* Mot. to Dismiss at 4–5.) However, the cases he cites simply make the unremarkable observation that the fact that a defendant's victim died is likely relevant to the question of whether force and violence were used in commission of the crime. *See United States v. Rezaq*, 134 F.3d 1121, 1138 (D.C. Cir. 1998); *see also United States v. Rivera-Gomez*, 67 F.3d 993, 996 (1st Cir. 1995) ("It is difficult to conceive of a situation in which the death of a victim will not be relevant to the use of force and violence during the commission of an attempted carjacking."), *overruled on other grounds by Jones v. United States*, 526 U.S. 227 (1999). Presumably, if a carjacking was accomplished by intimidation only, some other form of proof would be used to demonstrate that element. Barnes' invocation of these cases thus merits little consideration.

For reasons discussed above, it is hereby **ORDERED** that defendant's motion to dismiss Count Two (ECF 29) is **DENIED**.



ELLEN S. HUVELLE
United States District Judge

Date: October 24, 2019